**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALONDRA ESTRELLA, SUSANA** | § | |
| **UGALDE, AND VICTORIA UGALDE,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **vs.** | § | **Civil Action No.** 5:21-cv-00195 |
| | § | |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendant*. | § | **JURY REQUESTED** |

## DEFENDANT, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Allstate Fire and Casualty Insurance Company (hereinafter "Defendant" or "Allstate"), hereby files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), and would show as follows:

## INTRODUCTION

1.      This is a personal injury case arising out of an automobile accident that occurred on or about March 7, 2019.  Plaintiffs, Alondra Estrella, Susana Ugalde and Victoria Ugalde (hereinafter "Plaintiffs"), filed their Original Petition in Cause No. 2020CI01198 in the 407th Judicial District Court of Bexar County, Texas, on January 20, 2021, initiating this lawsuit.

2.      Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Allstate as set forth below.

3.      Defendant was served with Plaintiffs' Original Petition and Citation on or about January 29, 2021.  Defendant Allstate filed and served its Original Answer in state court on February 19, 2021.

4.     Defendant files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## GROUNDS FOR REMOVAL

5.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) because the proper parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.     Complete Diversity Exists Between the Proper Parties.**

6.     According to Plaintiffs' Original Petition, Plaintiffs are residents of Texas. *See Plaintiffs' Original Petition,* in the Paragraph entitled "Parties" wherein Plaintiffs affirmatively plead "Plaintiffs, ALONDRA ESTRELLA, SUSANA UGALDE, AND VICTORIA UGALDE & LILLY DOCKREY are residents of Bexar County, Texas"; a copy of which is included with the Index of State Court Papers attached hereto as Exhibit A.[1]   A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change.[2]   "Evidence of a person's place of residence . . . is prima facie proof of his domicile."[3]   Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change."[4]   Thus, for purposes of diversity of citizenship, Plaintiffs are considered Texas citizens.

7.     At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, Defendant Allstate was and is incorporated in the State of Illinois.

---

[1] *See* Plaintiffs' Original Petition in attached Exhibit A – Index of State Court Papers.
[2] *Id.*
[3] *Id.*  (citations omitted)
[4] *Id.*

Accordingly, Defendant Allstate is not a citizen of the State of Texas for purposes of federal diversity jurisdiction.

**B.     The Amount in Controversy Exceeds $75,000**

8.      Plaintiffs' Original Petition specifically states that Plaintiffs' "damages exceed $250,000.00…"[5]  The Petition further states that Plaintiffs also seek "a declaration of the amount of damages, attorney's fees, interest and court costs…" along with "pre-judgment and post-judgment interest at the maximum legal rate…"[6]  Further, "Plaintiffs seek monetary relief of over $250,000.00 but not more than $1,000,000.00." [7]

9.      Based upon the "face of the petition", it is apparent the claims are likely to exceed $75,000.00. See, *Manguno*, id at 723; see also, *Chavez v. State Farm Lloyds*, No. 17- 40861, (U.S. Ct. of App., 5th Cir., Aug. 15, 2018), (copy attached). Finally, Plaintiffs have not filed a binding stipulation to accept only less than the jurisdictional amount, cited a law limiting their recovery, nor otherwise proved to a legal certainty that their recovery would be less than $75,000.00. See, e.g., id.; *De Aguilar*, 47 F.3d at 1412.

## VENUE

10.     Venue for removal is proper in this district and division under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action was pending, in the 407th Judicial District Court of Bexar County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

---

[5] *See* Plaintiffs' Original Petition, Page 1 in attached Exhibit A – Index of State Court Papers.
[6] *See* Plaintiffs' Original Petition, Page 5 in attached Exhibit A – Index of State Court Papers.
[7] *See* Plaintiffs' Original Petition, Page 5 in attached Exhibit A – Index of State Court Papers.

## PROCEDURAL REQUIREMENTS

11.     Pursuant to 28 U.S.C. §1446(a), attached as *Exhibit A* hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and civil cover sheet on file in the state court lawsuit.  Additionally, attached as *Exhibit B* is a *List of Parties and Counsel* relating to this action, and attached as *Exhibit C* hereto is an *Index of Matters Being Filed* in this action.  Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

12.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs, the adverse parties.

13.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant's Notice of Removal will be filed with the District Clerk of Bexar County, Texas, promptly after Defendant files this Notice.

14.     This Notice of Removal is being timely filed within thirty (30) days after receipt by the Defendant, through service or otherwise, of a copy of an initial pleading setting forth the claim for relief upon which such action or proceeding is based.  Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).  There exists an actual and justiciable controversy between Plaintiffs and Defendant with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Fire and Casualty Insurance Company, respectfully requests that the above-captioned action now pending in 407th Judicial District Court of Bexar County, Texas be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully Submitted,

ORTIZ & BATIS, P.C.


By: /s/ Edward J. Batis, Jr.
    Edward J. Batis, Jr.
    State Bar No. 01915470
10100 Reunion Place, Suite 600
San Antonio, Texas  78216
Telephone: 210-344-3900
Facsimile:  210-366-4301
**ejbsupport@ob-lawpc.com
**ATTORNEYS IN CHARGE,**
**DEFENDANT ALLSTATE FIRE AND CASUALTY**
**INSURANCE COMPANY**

*** SERVICE TO THIS EMAIL ADDRESS ONLY*


## CERTIFICATE OF SERVICE

On March 1, 2021, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Mr. David G. Gutierrez
THE LAW FIRM OF OSCAR A. GARZA, PLLC
6243 W. Interstate 10, Suite 970
San Antonio, Texas 78201-2091
Facsimile:  210-732-3031
dgutierrez@oscargarzalaw.com


       /s/ Edward J. Batis, Jr.
       Edward J. Batis, Jr.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40861

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2018

Lyle W. Cayce
Clerk

ERICA CHAVEZ,

              Plaintiff - Appellant

v.

STATE FARM LLOYDS,

              Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CV-487

Before KING, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

The plaintiff homeowner brought suit against her insurer concerning the costs necessary to repair her home after it was damaged in a storm.  After trial, a jury found the insurer had underpaid the claim, but the plaintiff had made an excessive demand.  Judgment for much less than was sought was entered for the plaintiff.   Plaintiff appeals, seeking more.  We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40861

## FACTUAL AND PROCEDURAL BACKGROUND

Erica Chavez purchased an insurance policy from State Farm Lloyds for her home in Rio Grande City, Texas.  Chavez's home was damaged during a hail and wind storm in May 2014.  In January 2015, Chavez submitted an insurance claim to State Farm.  Sylvia Garza, a State Farm adjuster, inspected the property in February and estimated repair costs payable under the policy to be $6,531.60.  Accordingly, State Farm paid Chavez $2,008.74, the cost of covered repairs less depreciation and the policy deductible.  State Farm made a supplemental payment of $60.86 in April 2016.

Chavez then sent State Farm an estimate she obtained from an independent inspector.  That inspector estimated the cost of repairs to be $25,459.58.  After receiving that estimate, Garza inspected the property again.  She concluded that her original estimate was accurate.

On May 27, 2015, Chavez's counsel sent State Farm a demand letter seeking $40,776.74 to resolve her claim.  The demand sought compensation for $25,459.58 in property damages, based on her inspector's estimate, as well as 18 percent penalty interest, mental anguish, attorney's fees, estimated taxable court costs, and prejudgment interest.  The letter stated:  "If we have not received payment by [June 26, 2015] this settlement demand is withdrawn and we will file suit."  State Farm did not make a payment.

Chavez filed suit in Texas state court, claiming negligence, negligent misrepresentation, breach of the duty of good faith and fair dealing, breach of contract, money had and received/unjust enrichment, and violations of the Texas Insurance Code.  She sought actual and consequential damages, punitive damages, statutory interest, and attorney's fees.

State Farm removed the action to the United States District Court for the Southern District of Texas based on diversity jurisdiction.  Chavez moved for remand, contending the amount in controversy was not met because her

No. 17-40861

$40,776.74 demand was the top-end value of her claim. The district court denied remand because, in light of the damages sought in her petition but not included in her demand letter, the amount in controversy was exceeded.

State Farm then moved for partial summary judgment on Chavez's non-contractual claims and her request for punitive damages, contending the case was nothing more than a bona fide contract dispute. The district court granted the motion in January 2017.

Before trial, the attorneys "agreed that their attorney's fees will be capped in the aggregate through trial, through appeal, at $25,000." That was conditional on the plaintiffs "put[ting] on proof." The court stated that, for attorney's fees to be entered, there must be "a legal basis for entering that judgment." In April 2017, there was a jury trial on Chavez's breach-of-contract claim and State Farm's excessive-demand defense. The jury found State Farm breached the contract and that $8,322.22 would fairly and reasonably compensate Chavez for her property damage caused by the storm. The jury next found that Chavez's $40,776.74 demand was excessive.

The court entered final judgment on June 12, 2017. After offsetting costs taxed against Chavez, the insurance deductible, and amounts already paid, the court awarded Chavez $2,745.42 in actual damages plus post-judgment interest. Chavez sought a new trial on the grounds that the court's decision to not permit her to seek attorney's fees constituted a constructive sanction. The court denied the motion, and Chavez timely appealed.

## DISCUSSION

On appeal, Chavez contends (1) the district court lacked subject-matter jurisdiction; (2) her Texas Insurance Code claims were improperly dismissed; (3) her requests for attorney's fees and statutory interest were improperly dismissed; (4) the district court abused its discretion in excluding testimony;

3

No. 17-40861

and (5) the jury's excessive-demand finding was not supported by the evidence.[1] We will review those issues in order.

### 1. Subject-Matter Jurisdiction

State Farm removed the suit based on diversity jurisdiction. Both parties agree complete diversity exists. The sole question, then, is whether Chavez's claims exceed the $75,000 threshold. Denial of a motion to remand is reviewed *de novo. Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* at 723.

The court determines whether there is federal jurisdiction based on "the claims in the state court petition as they existed at the time of removal." *Id.* In general, the amount claimed in the state court petition determines the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Some state like Texas, though, prohibit plaintiffs from pleading a specific amount of damages. *See* TEX. R. CIV. P. 47(b)–(c). In cases such as these, the removing party "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno*, 276 F.3d at 723. "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* (citation omitted). If State Farm makes that showing, Chavez may avoid removal by

---

[1] Chavez's requests for attorney's fees and statutory interest were presented as separate issues in the plaintiff's statement of the issues, but she briefed them as one issue. We discuss them as one issue as well. We also discuss her issues in a different order than was followed in Chavez's brief, assessing the jurisdictional question first.

No. 17-40861

showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

Chavez contends State Farm did not meet its burden and that her demand letter shows her claims' maximum value was $40,776.44. The demand letter, though, did not account for exemplary damages. Under Texas law, plaintiffs may be awarded exemplary damages up to "two times the amount of economic damages; plus . . . an amount equal to any noneconomic damages . . . not to exceed $750,000." TEX. CIV. PRAC. & REM. CODE § 41.008(b)(1)(A)–(B). Considering Chavez's demand letter asserted $40,776.74 in damages, at least $25,459.58 of which is economic, the requisite $75,000 could easily have been met. As shown by State Farm, then, "it is apparent from the face of the petition that the claims are likely to exceed $75,000." *Manguno*, 276 F.3d at 723. In response, Chavez has not filed a binding stipulation to accept only less than the jurisdictional amount, cited a law limiting her recovery, nor otherwise proved to a legal certainty that her recovery would be less than $75,000. *See, e.g., id.*; *De Aguilar*, 47 F.3d at 1412.

Removal was proper.

## 2. Texas Insurance Code Claims

Chavez's petition claimed violations of the Texas Insurance Code. The district court granted partial summary judgment because Chavez offered no evidence State Farm acted in bad faith. On appeal, Chavez asserts that there were genuine disputes of material fact, making summary judgment improper, and recent Texas Supreme Court precedent was improperly applied.

"We review a grant of summary judgment *de novo.*" *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). Texas law gives a private right of action to individuals damaged by "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." TEX. INS.

No. 17-40861

CODE § 541.151(1).  Prohibited unfair practices include "failing to attempt in
good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim
with respect to which the insurer's liability has become reasonably clear." *Id.*
§ 541.060(a)(2)(A).  A suit for violation of this provision parallels a common-
law bad-faith claim; to succeed, Chavez must show State Farm failed to settle
the claim even though it "knew or should have known that it was reasonably
clear that the claim was covered" by her policy. *Universe Life Ins. Co. v. Giles*,
950 S.W.2d 48, 55–56 (Tex. 1997).

Importantly, in reviewing a bad-faith claim, "we must distinguish
between the evidence supporting the contract issue and the tort issue," because
the bad-faith tort issue "does not focus on whether the [property-damage] claim
was valid." *Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 569 (Tex.
App.—San Antonio 2011, pet. denied) (citing *Lyons v. Millers Cas. Ins. Co. of
Texas*, 866 S.W.2d 597, 601 (Tex. 1993)).  Accordingly, summary-judgment
evidence must relate to whether liability had become reasonably clear, not
merely the existence of liability. *Lyons*, 866 S.W.2d at 600.  Evidence that
shows a "bona fide coverage dispute does not, standing alone, demonstrate bad
faith." *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997).

Chavez references three pieces of evidence to support her bad-faith
claim: (1) State Farm's estimate was less than half of her expert's estimate;
(2) the small supplemental payment State Farm issued nearly one year after
the loss; and (3) letters in which State Farm refused to give her a copy of her
policy.  As to the conflicting estimates, they show only that this was a bona fide
dispute regarding the extent of liability.  Chavez provided no summary-
judgment evidence casting doubt on the reliability of State Farm's estimate or
suggesting State Farm's decision to rely on its own estimate, rather than
another's, was unreasonable.  Additionally, Chavez failed to explain how the
supplemental payment of $60.86 made in April of 2016 was unreasonably

6

No. 17-40861

delayed in bad faith.  Finally, Chavez's contention that State Farm's declining to provide a copy of her policy supports a finding of bad faith is unpersuasive because those letters advised her she could easily obtain a copy online.

Chavez's arguments based on a recent Texas Supreme Court opinion also fail.  The opinion clarified when an insured who has shown bad faith can recover damages.  *See USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490–95 (Tex. 2018).  It does not, however, change the standard for showing bad faith.  *See generally id.*  Because Chavez did not provide summary-judgment evidence of bad faith, *Menchaca* has no bearing on her claims.  Accordingly, the district court correctly granted summary judgment on Chavez's Texas Insurance Code claims.

### 3. Attorney's Fees and Statutory Interest

Chavez's petition alluded to attorney's fees under two Texas statutes.  Prior to trial, State Farm moved *in limine* to prevent Chavez from referring to attorney's fees.  The court granted the motion because the statutes on which Chavez based her claim for attorney's fees were either inapplicable to State Farm or required her to succeed on the insurance-code claims the court had already dismissed.  We review the district court's interpretation of Texas attorney-fee law *de novo* and its grant of the motion *in limine* and exclusion of evidence for abuse of discretion.  *See Empire Fire & Marine Ins. Co. v. Brantley Trucking, Inc.*, 220 F.3d 679, 681 (5th Cir. 2000); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643–44 (5th Cir. 2005).  If the district court abused its discretion, we "review the error under the harmless error doctrine, affirming the judgment, unless the ruling affected substantial rights of the complaining party." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

In Texas, attorney's fees are recoverable only by statute or contract. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992).

No. 17-40861

Chavez did not seek attorney's fees pursuant to her contract, and only two statutes cited in her petition allow for recovery of attorney's fees: Section 38.001Texas Civil Practice & Remedies Code and the Texas Insurance Code.

Chapter 38 allows for the recovery of "reasonable attorney's fees from an individual or corporation." TEX. CIV. PRAC. & REM. CODE § 38.001. State Farm is a Lloyds plan, which is "an unincorporated association of members." *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993). Because Texas courts routinely differentiate between corporations and other business entities, we will differentiate between corporations and Lloyds plans. *See Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 453–54 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (discussing precedent supporting strict construction of "corporation"). Accordingly, as the district court correctly concluded, the Lloyds plan is neither an individual nor a corporation, and Section 38.001 does not provide Chavez a basis for recovering attorney's fees.

The Texas Insurance Code provides that, if an insurer is liable for a violation of chapter 542, the claimant may recover "interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees." TEX. INS. CODE § 542.060(a). Although Chavez claimed Texas Insurance Code violations, the district court dismissed them by granting a partial summary judgment. The district court correctly ruled Chavez could not continue to seek relief for the statutory claims that were no longer viable. Because Chavez is not entitled to attorney's fees or interest, the court did not abuse its discretion in preventing her from introducing evidence pertaining to them.

Chavez also asserts it was error for the district court to reject the parties' stipulation regarding attorney's fees. The stipulation, however, was an agreed-upon cap to fees that would have applied had Chavez proved she was entitled to them. Because the district court correctly determined Chavez was not

No. 17-40861

entitled to attorney's fees, the court's rejection of the stipulation was not error, let alone prejudicial to her substantial rights.

### 4. *Exclusion of Testimony*

Chavez next complains that the district court "repeatedly prohibited [her] from adequately presenting her case by unnecessarily and improperly limiting counsel's cross-examination of State Farm's witnesses." She references only one example: Chavez asked claims-adjuster Garza, "Has a jury ever said that you have not paid what is owed under a policy?" That was asked in order to impeach Garza's previous statement that she "always" paid what was owed. State Farm objected. The court sustained on the grounds that it dealt with a collateral issue and that Garza's testimony that she "always" paid what was due was in response to a question posed without a time frame, *i.e.*, whether the full claim amount was paid with or without legal proceedings. Review is for abuse of discretion, and the court must affirm "unless the ruling affected [Chavez's] substantial rights." *Bocanegra*, 320 F.3d at 584.

Chavez has not shown the ruling was an abuse of discretion or that it affected her substantial rights. Instead, her brief cites only broad principles outlining her right to cross-examine witnesses within the adversarial system. Along that line, the court allowed extensive cross-examination, and Chavez did not attempt to rephrase the question to impeach Garza. Accordingly, Chavez has shown no reversible abuse of discretion.

### 5. *Excessive Demand*

Finally, Chavez contests the jury's excessive-demand finding on the grounds that (1) the Texas Supreme Court recently declined to address whether the defense applies to insurers, (2) she was improperly prevented from

No. 17-40861

referring to attorney's fees, as discussed *supra*, and (3) it is not supported by sufficient evidence.

We are unpersuaded by her first challenge. Though the Texas Supreme Court declined to decide whether the excessive-demand defense applies to insurers, it did not foreclose that possibility. *See State Farm Lloyds v. Fuentes*, 549 S.W.3d 585, 587 (Tex. 2018). Moreover, Texas courts of appeals have applied the defense in the insurance context. *E.g.*, *Hernandez v. Lautensack*, 201 S.W.3d 771, 778 (Tex. App.—Fort Worth 2006, pet. denied); *Warrior Constructors, Inc. v. Small Bus. Inv. Co.*, 536 S.W.2d 382, 386–87 (Tex. App.—Houston [14th Dist.] 1976, no writ). We "must follow the decisions of intermediate state courts 'unless there is convincing evidence that the highest court of the state would decide differently.'" *City of San Antonio v. Hotels.com, L.P.*, 876 F.3d 717, 722 (5th Cir. 2017) (citation omitted). We find nothing convincing to the contrary.

We decline to consider her second challenge because she did not present it to the district court and has not demonstrated "extraordinary circumstances" that warrant giving it our attention. *E.g.*, *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009). "Extraordinary circumstances exist when the issue involved is a pure question of law and a miscarriage of justice would result from our failure to consider it." *Id.* (citation omitted).

Chavez similarly did not raise her third challenge in the district court by either a motion for judgment as a matter of law or new trial. Accordingly, we review the sufficiency of the evidence for plain error and must affirm so long as State Farm "presented *any* evidence in support of" its excessive-demand defense. *See Polanco v. City of Austin*, 78 F.3d 968, 974 (5th Cir. 1996) (emphasis in original).

In Texas, "a creditor who makes an excessive demand upon a debtor is not entitled to attorney's fees for subsequent litigation required to recover the

No. 17-40861

debt." *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981).  The defense requires a showing that (1) Chavez wrongfully demanded more than was due and (2) she refused or clearly indicated she would refuse tender of the amount due.  *E.g.*, *Hernandez*, 201 S.W.3d at 777.

Chavez's counsel conceded during closing argument to the jury that her independent inspector's estimate, on which the $40,776.74 demand was based, was too high, and that her inspector intentionally gave State Farm a high demand.  Moreover, each of the other estimates presented at trial was significantly lower than the demand.  It follows, then, a jury could reasonably find Chavez wrongfully demanded more than was due.  State Farm also presented the demand letter, which stated: "If we have not received payment by [June 26, 2015] this settlement demand is withdrawn and we will file suit."  A jury could reasonably find this a clear indication Chavez would refuse tender of any amount less than her demand.  Accordingly, State Farm presented at least some evidence in support of its defense.

AFFIRMED.